# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-0170V

| | |
|---|---|
| FRANK LOPES,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: May 8, 2025 |

*Nicole Anne Caplan-Mason, Law Office of Sylvia Chin-Caplan, LLC, Boston, MA, for Petitioner.*

*Rachelle Bishop, U.S. Department of Justice, Washington, DC, for Respondent.*

### **DECISION AWARDING DAMAGES**[1]

On February 2, 2024, Frank Lopes filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, or in the alternative a caused-in-fact or significant aggravation injury, after receiving an influenza ("flu") vaccine on March 1, 2021. Petition at 1 ¶¶ 4, 23, 27. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 22, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On May 5, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $57,517.62,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

representing $57,500.00 for pain and suffering and $17.62 for past unreimbursable expenses.[3] Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $57,517.62, representing $57,500.00 for pain and suffering and $17.62 for actual unreimbursable expenses, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] As dictated by the Vaccine Act, this amount does not include compensation "for any item or service to the extent that payment has been made, or can reasonably be expected to be made, with respect to such item or service . . . under an insurance policy." Section 15(g). The Vaccine Act always and by its own terms functions as a *secondary payer* to a petitioner's health care insurance. Any entitlement award paid to a petitioner *cannot* include amounts paid or expected to be paid under his or her existing health care insurance policy. The Act also prohibits any health insurance policy from "mak[ing] payment of benefits under the policy secondary to the payment of compensation under the Program." Section 15(h).

Because Petitioner's medical insurance carrier has asserted a right of subrogation on several occasions, despite being provided with a copy of the General Order Regarding Subrogation, explaining the Vaccine Act's role as a secondary payer, which can be found at the Court's website, I am including this additional language to clarify that the compensation being awarded in this Damages Decision is for Petitioner's out-of-pocket expenses only, and *not* for any amounts that are covered by her medical insurance policy. *See* https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program (last visited on May 7, 2025).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| FRANK LOPES, | ) | |
| Petitioner, | ) ) ) | No. 24-170V   (ECF) Chief Special Master Brian H. Corcoran |
| v. | ) ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Respondent. | ) ) ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On February 2, 2024, Frank Lopes ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccination that he received on March 1, 2021.  Petition at 1.  On October 21, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report recommending that petitioner be found entitled to compensation.  ECF No. 18.  On October 22, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 19.

**I.** **Items of Compensation**

    A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $57,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.       Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $17.62. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.   Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following: a lump sum payment of $57,517.62, to be paid through an ACH deposit to petitioner's counsel IOLTA account for prompt disbursement to petitioner.[1]

**III.  Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Frank Lopes:                    **$57,517.62**

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

          Respectfully submitted,

          YAAKOV M. ROTH
          Acting Assistant Attorney General

          C. SALVATORE D'ALESSIO
          Director
          Torts Branch, Civil Division

          HEATHER L. PEARLMAN
          Deputy Director
          Torts Branch, Civil Division

          VORIS E. JOHNSON, JR.
          Assistant Director
          Torts Branch, Civil Division

          */s/ Rachelle P. Bishop*
          RACHELLE P. BISHOP
          Trial Attorney
          Torts Branch, Civil Division
          U.S. Department of Justice
          P.O. Box 146
          Benjamin Franklin Station
          Washington, D.C. 20044-0146
          (202) 616-3662
          Rachelle.P.Bishop@usdoj.gov

DATED: May 5, 2025